**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4231**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JUAN FLORES-ZUNIGA, a/k/a Carlos Aquino-Zuniga, a/k/a Juan
Resendez Flores, a/k/a Mario Recendiz Diarcia,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Senior District Judge.  (1:09-cr-00074-NCT-1)

Submitted:  December 29, 2010      Decided:  January 20, 2011

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas  N.  Cochran,  Assistant  Federal  Public  Defender,
Greensboro,  North  Carolina,  for  Appellant.    Angela  Hewlett
Miller,  Assistant  United  States  Attorney,  Greensboro,  North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Flores-Zuniga appeals his conviction and seventy-seven month sentence for illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). Flores-Zuniga's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that there are no meritorious issues on appeal but questioning whether Flores-Zuniga's sentence is substantively unreasonable. Flores-Zuniga did not file a pro se supplemental brief, and the Government has declined to file a brief. We affirm.

Appellate courts are charged with reviewing sentences for both procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Id. at 49-50. We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the

2

circumstances, including the extent of any variance from the Guidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 552 U.S. at 51). We afford sentences that fall within the properly calculated guidelines range a presumption of reasonableness, see Gall, 552 U.S. at 51, which can only be rebutted by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted). After reviewing the record, we conclude that Flores-Zuniga's sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented

3

in the materials before the court and argument would not aid the decisional process.

AFFIRMED